No. 20 Civ. 4152 (AKH) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACHMAT AKKAD,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, and FORMER COMMISSIONER LOREE SUTTON, in her individual capacity,

                                  Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, New York  10007*

*Of Counsel: J. Kevin Shaffer*
*Tel.:  (212) 356-1105*
*Matter No.:  2020-022044*

Danielle Dandrige,
J. Kevin Shaffer,
  Of Counsel.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    POINT I ............................................................................................................................. 2

        PLAINTIFF'S CLAIMS PURSUANT TO THE CHRL AND 42 U.S.C. § 1983 ARISING PRIOR TO MAY 31, 2017, ARE TIME-BARRED ............................. 2

    POINT II ............................................................................................................................ 3

        PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMNIATION ON THE BASIS OF RELIGION, DISABILITY, OR MILITARY SERVICE ................................................................................................ 3

    POINT III ........................................................................................................................... 7

        PLAINTIFF FAILS TO STATE A PLAUSIBLE FREE SPEECH RETALIATION CLAIM ................................................................................................ 7

CONCLUSION ............................................................................................................................ 10

- ii -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angiuoni v. Town of Billerica*,
   999 F. Supp. 2d 318 (D. Mass. 2014) .......................................................................................4

*AMTRAK v. Morgan*,
   536 U.S. 101 (2002) ..................................................................................................................2

*Brown v. City of New York*,
   622 F. App'x 19 (2d Cir. 2015) .................................................................................................6

*Cain v. Exxon Mobil Corp.*,
   400 F. Supp. 3d 514 (M.D. La. 2019) .......................................................................................4

*Carroll v. Delaware Riv. Port Auth.*,
   89 F. Supp. 3d 628 (D.N.J. 2015) .............................................................................................3

*Espinal v. Goord*,
   558 F.3d 119 (2d Cir. 2009) .....................................................................................................9

*Giachetto v. Patchogue-Medford Union Free Sch. Dist.*,
   413 F. Supp. 3d 141 (E.D.N.Y. 2016) ......................................................................................8

*Henry v. Wyeth Pharms., Inc.*,
   616 F.3d 134 (2d Cir. 2010) .....................................................................................................6

*Holmes v. DOJ*,
   498 F. App'x 993 (Fed. Cir. 2013) ............................................................................................3

*Kirkendall v. Dep't of the Army*,
   94 M.S.P.R. 70 (M.S.P.B. 2003) ...............................................................................................4

*Luka v. Bard Coll.*,
   263 F. Supp. 3d 478 (S.D.N.Y. 2017) ...................................................................................5, 8

*Martin v. City Univ. of New York*,
   2018 U.S. Dist. LEXIS 208685 (S.D.N.Y. Dec. 11, 2018) .......................................................6

*Montero v. City of Yonkers*,
   890 F.3d 386 (2d Cir. 2018) .....................................................................................................6

*Moore v. Verizon*,
   2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5, 2016) ...........................................................6

*Paterno v. City of New York*,
    2018 U.S. Dist. LEXIS 128175 (S.D.N.Y. July 31, 2018) ....................................................... 7

*Paterno v. City of New York*,
    781 F. App'x 15 (2d Cir. 2019) ............................................................................................... 7

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) .................................................................................................... 7

**Statutes**

42 U.S.C. § 1983 .................................................................................................................. *passim*

Administrative Code of the City of New York §§ 8-101, *et seq.* ........................................... *passim*

United States Employment and Reemployment Act, 38 U.S.C. § 4301 *et seq.,* ........................ 4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ACHMAT AKKAD,

                                      Plaintiff,        20 Civ. 4152 (AKH) (GWG)

            -against-

THE CITY OF NEW YORK, and FORMER
COMMISSIONER LOREE SUTTON, in her
individual capacity,

                                    Defendants.
------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Pl. MOL"), Plaintiff argues that his USERRA claim should not be dismissed because the Complaint plausibly alleges Defendants terminated Plaintiff due to his "military service-connected PTSD." Plaintiff argues that the Complaint states plausible military service, religious, and disability discrimination pursuant to USERRA, the SHRL, and the CHRL, because Defendant Sutton's alleged remarks and the Sutton Report plausibly establish that Plaintiff was terminated because of his military service, religion, and/or alleged disability. Plaintiff further argues that the Complaint states plausible free speech retaliation claims because Plaintiff's alleged social media posts on behalf of social justice causes were protected speech, and the Complaint plausibly alleges causation based upon direct evidence of retaliatory animus, as well as temporal proximity between Plaintiff's protected activity and his termination. Additionally, Plaintiff argues that the Complaint states a cognizable *Monell* claim pursuant to 42 U.S.C. § 1983 against the City, because the Complaint plausibly alleges that Defendant Sutton, a

municipal policymaker, terminated Plaintiff's employment in retaliation for his alleged protected speech.  Finally, Plaintiff argues that Plaintiff's allegations under 42 U.S.C. § 1983, the SHRL, and the CHRL arising prior to May 31, 2017, are not barred by the applicable, three-year statute of limitations because they provide context for Plaintiff's timely claims relating <u>solely</u> to his termination.  For the reasons set forth below, as well as in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Def. MOL"), this Court should grant Defendant's motion to dismiss the Complaint in its entirety and with prejudice.

<u>ARGUMENT</u>

POINT I

<u>PLAINTIFF'S CLAIMS PURSUANT TO THE CHRL AND 42 U.S.C. § 1983 ARISING PRIOR TO MAY 31, 2017, ARE TIME-BARRED</u>

Plaintiff argues that any allegations occurring prior to May 31, 2017, are "background evidence in support of his timely claim [relating to his termination]."  *See* Pl. MOL at 26.  Plaintiff is correct that he may plead time-barred facts solely as context for his timely claims relating to his termination.  *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002).  However, Plaintiff does not refute, and apparently concedes, that his termination is the <u>only</u> timely adverse employment action at issue in this case.  Thus, the only issues before the Court are whether the Complaint plausibly alleges that Defendants discriminated against Plaintiff on the basis of his religion, disability, or military service, or retaliated against Plaintiff for alleged protected speech, by terminating his employment on or about June 2, 2017.  Therefore, to the extent Plaintiff argues that Defendants discriminated or retaliated against him pursuant to 42 U.S.C. § 1983 and the CHRL for, *inter alia*, "run[ing] internet searches on [Plaintiff] to check his background and social media posts" (Complaint ¶ 44), drafting the Sutton Report and making the recommendations therein, being "hostile to [Plaintiff[ taking time off, making it difficult for him

to take days off or leave early for medical appointments" (¶ 73), or "telling [Plaintiff] that he needed to use sick time to visit EAP" (¶ 74), any such claims are time-barred.

## POINT II

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMNIATION ON THE BASIS OF RELIGION, DISABILITY, OR MILITARY SERVICE

**A. Plaintiff Fails to State a Cognizable USERRA Claim Based on his Alleged Disability**

In opposition to Defendants' motion to dismiss, Plaintiff argues that the Complaint plausibly alleges a claim of military service discrimination under USERRA because the statute "prohibits an employer from denying 'any benefit of employment'" because of military service, and that "[b]eing free from discrimination on the basis of disability is, of course, a 'benefit of employment.'" *See* Pl. MOL at 11 (quoting 38 U.S.C. § 3411(a)). Plaintiff argues that "Defendants argue an impermissibly narrow reading of USERRA." *See* Pl. MOL at 11. However, it is Plaintiff who argues an overbroad construction of USERRA without legal support.

While USERRA protects individuals from discrimination on the basis of their military service, it does not extend to claims of disability discrimination, even if the alleged disability resulted from military service. *See Holmes v. DOJ*, 498 F. App'x 993, 995 (Fed. Cir. 2013) ("A PTSD injury alone is not enough to raise a cognizable discrimination claim under USERRA. As the administrative judge correctly explained, '[T]he fact that an appellant's injury occurred during his military service does not transform his allegation into a USERRA claim.'"); *Carroll v. Delaware Riv. Port Auth.*, 89 F. Supp. 3d 628, 633 (D.N.J. 2015) ("a USERRA plaintiff has the initial burden of demonstrating that his military *service*, as distinct from a *disability* resulting from service, was a substantial or motivating factor in the employer's decision.") (emphasis added). Plaintiff's logic - he has a disability, the disability was

purportedly sustained during military service, and therefore, any discrimination on the basis of the alleged disability is, *ipso facto*, discrimination on the basis of military service – is specious.

Plaintiff cites *Cain v Exxon Mobil Corp.,* where a plaintiff was found to have a cognizable USERRA claims because his employer falsely assumed he had PTSD because he was a veteran, and therefore treated him less favorably than non-veteran employees because of a false stigma surrounding his military service. *Cain v Exxon Mobil Corp.*, 400 F. Supp. 3d 514, (M.D. La. 2019). The district court discussed the distinction between the underlying facts of that case, and cases where a plaintiff <u>actually</u> had service-related PTSD and attempted to improperly litigate a disability discrimination claim through USERRA. *Id.* at 530-536. Plaintiff's claim falls into the latter category: he alleges he has military service-related PTSD, and any purported discrimination on that basis is, by default, military service discrimination under USERRA, which notably the *Cain* decision did not hold was a basis for bringing a claim under USERRA. *Id.*

Plaintiff also cites two cases which address the distinguishable issues of whether employers discriminated against plaintiffs by improperly failing to apply codified employment credits for disabled veterans (*Kirkendall v. Dep't of the Army*, 94 M.S.P.R. 70 (M.S.P.B. August 29, 2003)), and where the employer discriminated against plaintiff on the basis of his receipt of such a disabled veteran employment credit (*Angiuoni v. Town of Billerica*, 999 F. Supp. 2d 318 (D. Mass. 2014)). *See* Pl. MOL at 8. Here, where Plaintiff's Complaint contains no allegations regarding his receipt, or lack thereof, of a disability veteran employment credit, his reliance on these cases is misguided. Plaintiff further argues that "Defendants' multiple citations to MSPB authority warrant additional skepticism" because the MPSB "hold[s] no special expertise or privilege in their treatment and analysis of USERRA claims" and "the MSPB is often reversed for its crabbed analysis and application of USERRA." *See* Pl. MOL at 11-13. However, Plaintiff cites three MPSB

decisions in an attempt to support his own arguments, selectively discounting the MPSB's rulings only when they establish that he does not have a cognizable USERRA claim. *See* Pl. MOL at 8, 11.

Finally, Plaintiff erroneously argues that "Sutton's focus on Akkad's length of service is itself a violation of USERRA, which prohibits consideration of the 'timing, frequency, and duration of the person's training or service' in connection with a servicemember's USERRA rights." *See* Pl. MOL at 9 (citing 38 U.S.C. § 4312(h)). Plaintiff cites to a wholly inapplicable section of USERRA, pertaining exclusively to reemployment claims, which is not at issue in this action. The relevant section of USERRA under which Plaintiff pleads his "First" Cause of Action, 38 U.S.C. § 4311, does not make any reference to an individual's "timing, frequency, and duration" or training or service. *See* 38 U.S.C. § 4311. Accordingly, Plaintiff's "First" Cause of Action pursuant to USERRA should be dismissed for failure to state a claim.

### B. Plaintiff Fails to Plausibly Allege Discriminatory Animus or a Causal Connection between his Claimed Disability, Religion, or Military Service, and his Termination

Further, the Complaint fails to state a plausible claim of disability, religious, or military service discrimination because Plaintiff fails to plausibly allege an inference of discriminatory animus regarding his termination. In opposition to Defendants' motion, Plaintiff admits that the Complaint fails to allege any facts about similarly situated employees outside of Plaintiff's protected classes who were treated more favorably than Plaintiff. Instead, Plaintiff argues that the Complaint plausibly alleges that he was terminated on the basis of his allege disability, religion, and/or military service based solely upon alleged remarks by Defendant Sutton, and the September 2016 Sutton Report. *See* Pl. MOL at 21.

However, the Complaint's allegations of discriminatory animus are no more than stray remarks with no apparent connection to the decision to terminate Plaintiff. *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 487 (S.D.N.Y. 2017) (internal citation and quotes omitted) ("verbal

- 5 -

comments may raise an inference of discrimination, but not where they lack a causal nexus to the termination decision."). Whether remarks suggest discriminatory animus or are merely "stray remarks" depends upon: "**(1)** who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); **(2)** when the remark was made in relation to the employment decision at issue; **(3)** the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and **(4)** the context in which the remark was made (i.e., whether it was related to the decision-making process)." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010).

None of the alleged discriminatory remarks by Defendant Sutton from July to September 2016 were even remotely related to the decision-making process regarding Plaintiff's termination in June 2017. *See* Complaint, ECF Dkt. No. 1 at ¶¶ 40-42, 45, 58. Plaintiff does not allege that Defendants actually took any adverse, retaliatory employment action against Plaintiff as a result of the Sutton Report or the September 2016 meeting thereafter. *See* Complaint at ¶ 55. To the contrary, Plaintiff alleges that following the Sutton Report and the September 2016 meeting, Defendants promoted him, raised his salary, and gave him additional responsibilities managing and posting to the agency's social media accounts. *See* Complaint at ¶¶ 62-66. Further, Defendant Sutton's alleged discriminatory remarks are either undated, or were allegedly uttered at least nine to ten months prior to Plaintiff's termination, and thus, Plaintiff fails to identify anything more than non-actionable "stray remarks," which fail to plausibly establish a claim of discrimination under USERRA, 42 U.S.C. § 1983, the SHRL, or the CHRL. *See Brown v. City of New York*, 622 F. App'x 19, 20 (2d Cir. 2015); *Martin v. City Univ. of New York*, 17 Civ. 6791 (KPF), 2018 U.S. Dist. LEXIS 208685, at *25 (S.D.N.Y. Dec. 11, 2018); *Moore v. Verizon*, 13 Civ. 6467 (RJS), 2016 U.S. Dist. LEXIS 16201, at *24-25 (S.D.N.Y. Feb. 5, 2016).

## POINT III

### PLAINTIFF FAILS TO STATE A PLAUSIBLE FREE SPEECH RETALIATION CLAIM

Plaintiff fails to plausibly allege that he engaged in protected activity. Plaintiff erroneously argues that "[n]o authority requires that plaintiff plead the specific content of social media posts or the specific statements that triggered defendants' retaliatory response." *See* Pl. MOL at 15. In order to state a First Amendment retaliation claim, Plaintiff must plausibly allege that he engaged in protected speech by speaking as a citizen upon matters of public concern. *See Montero v. City of Yonkers*, 890 F.3d 386, 394-395 (2d Cir. 2018). In determining whether a plaintiff plausibly alleges he or she engaged in protected speech, courts evaluate the "content, form, and context" of the statement(s) in question. *See Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008). Accordingly, to survive a motion to dismiss, "a complaint must identify the content of the speech that is protected so that it is possible to engage in the required 'fact-intensive' inquiry." *Paterno v. City of New York*, 17 Civ. 8278 (LGS), 2018 U.S. Dist. LEXIS 128175, at *20 (S.D.N.Y. July 31, 2018), *aff'd* 781 F. App'x 15 (2d Cir. 2019) (summary order).

Plaintiff misrepresents the nature of Defendants' motion, arguing that "Defendants do not challenge, and thus evidently concede, that Akkad's speech was on a matter of public concern, and that Akkad spoke as a citizen, and not solely as a DVS employee." *See* Pl. MOL at 15. Defendants make no such concession. Rather, as argued in Defendants' moving memorandum of law, Defendants' position is that Plaintiff's conclusory allegations about the nature of his alleged remarks on social media fail to plausibly establish that Plaintiff engaged in protected activity under the First Amendment or Article I, Section 8 of the New York Constitution, because the Complaint fails to plausibly allege that Plaintiff spoke as a citizen, or upon a matter of public concern. *See* Def. MOL at 18-22.

The Complaint's allegations about the nature of Plaintiff's alleged protected speech are threadbare and vague at best. Plaintiff generally refers to the "social justice work" and topics which he purportedly addressed on his social media accounts, but fails to identify any particular statements which were allegedly protected speech. *See* Complaint, ¶¶ 19-21. The Complaint does not allege *what* Plaintiff said, *when* he said it, or to *whom* he said it. Accordingly, the Court should dismiss Plaintiff's free speech retaliation claims for failure to plausibly allege that Plaintiff engaged in protected speech by speaking as a citizen upon matters of public concern. *See Paterno v. City of New York*, 781 F. App'x 15, 17 (2d Cir. 2019) (summary order) (affirming dismissal of First Amendment retaliation claim where "[t]he complaint's description of the speech at issue is vague and conclusory."); *Giachetto v. Patchogue-Medford Union Free Sch. Dist.*, 413 F. Supp. 3d 141, 144 (E.D.N.Y. 2016) (allegations that plaintiff "was an 'outspoken critic' and 'an advocate against the [School District's] past practices of discrimination" were too vague to "provide the Court with any basis to find that Plaintiff was speaking on a matter of public concern").

Plaintiff also fails to plausibly demonstrate a causal connection, based upon direct evidence or temporal proximity, between his alleged protected activity and his termination. Plaintiff argues that the Complaint establishes retaliatory animus because "Sutton documented her opposition to [Plaintiff's] protected speech" in the August 2016 Sutton Report, "advocated for taking adverse action against [Plaintiff] because of his protected speech" in a September 2016 meeting, and "several months [thereafter]…directed Jason Parker…to make a report to NYPD regarding [Plaintiff's] political social media posts." *See* Pl. MOL at 16 (citing Complaint at ¶ 61). However, as argued *supra* Point II.B, the Complaint does not plausibly allege that any of

these remarks were related to the decision-making process, or temporally proximate to Plaintiff's termination, such that they evince retaliatory animus or causation. *Luka*, 263 F. Supp. 3d at 487.

Further, the Complaint fails to specifically identify any alleged, protected speech occurring within close temporal proximity of Plaintiff's termination, such that the Court might be able to infer causation. Plaintiff attempts to side-step the lack of temporal proximity between his alleged protected speech and his termination by arguing that "Defendants waited for an opportune time to exact retaliation." *See* Pl. MOL at 17. However, Plaintiff's sole authority for this contention, *Espinal v. Goord*, is an inapposite summary judgment decision involving an inmate who was allegedly assaulted by correction officers in retaliation for a lawsuit dismissed only six months prior to the purported assault. *Espinal v. Goord*, 558 F.3d 119 (2d Cir. 2009). The Second Circuit held that "[t]he passage of only six months between the dismissal of Espinal's lawsuit and an allegedly retaliatory beating by officers, one of whom (Surber) was a defendant in the prior lawsuit, is sufficient to support an inference of a causal connection. . ." because "[i]t is plausible that the officers waited to exact their retaliation at an opportune time -- as when Espinal was involved in a fight with another inmate -- in order to have a ready explanation for any injuries suffered by Espinal." *Id.* at 129.

The Complaint fails to plead any facts regarding how or why Defendants "waited for an opportune time to exact retaliation" for Plaintiff's alleged protected speech. Nor does Plaintiff meaningfully address Defendants' argument that, in the approximately ten months between the Sutton Report and Plaintiff's termination - when Defendants were purportedly biding their time to retaliate against Plaintiff - Defendants promoted Plaintiff, raised his salary, and gave him additional, substantial responsibilities over the agency's social media accounts. Plaintiff argues "[t]he significance (or not) of Akkad's promotion with regard to defendants'

liability for discrimination and retaliation is a question for the jury, and not a basis for dismissal on the pleadings." *See* Pl. MOL at 24. However, the Complaint contains minimal factual allegations during the ten-month time period between the allegations which purportedly demonstrate discriminatory animus (i.e. Sutton's claimed remarks and the Sutton Report) and Plaintiff's termination, which only demonstrate a pattern of favorable, non-discriminatory treatment by Defendants. Thus, Plaintiff's promotion, raise, and increased responsibilities as the agency's social media spokesperson clearly undercut the plausibility of Plaintiff's claims that he was terminated in retaliation for his alleged protected speech, or on the basis of his alleged disability, military service, or religion. *Ingram v. Nassau Health Care Corp.*, 17 Civ. 5556 (JMA) (SIL), 2020 U.S. Dist. LEXIS 26070, at *3 (E.D.N.Y. Feb. 13, 2020).

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their initial memorandum of law, Defendants respectfully request that this Court grant this motion and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
October 2, 2020

**JAMES E. JOHNSON**
Corporation Counsel
  of the City of New York
Attorney for Defendants
100 Church Street, Room 2-125
New York, New York 10007
(212) 356-1105
jshaffer@law.nyc.gov

By:   */s/ J. Kevin Shaffer*
     J. Kevin Shaffer
     Assistant Corporation Counsel

Danielle Dandrige,
J. Kevin Shaffer,
…..Of Counsel.