UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ACHMAT AKKAD,

                        Plaintiff,

  -against-

THE CITY OF NEW YORK, and FORMER COMMISSIONER LOREE SUTTON, in her individual capacity,

                        Defendants.

------------------------------------------------------------------ X

Civ. 20 CV 4152 (AKH)(GWG)

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3

LAW OFFICES OF
DEBORAH H. KARPATKIN
99 Park Avenue, PH/ 26th Fl.
New York, New York 10016
(646) 865-9930

*Attorney for Plaintiff Achmat Akkad*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT …………………………….………... 1

BRIEF SUMMARY OF FACTS 2
PROCEEDING TO DATE 4
ARGUMENT ……………………………………………….……….. 4

    I.    THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT.     4

        A. Plaintiff's Proposed Amended Complaint addresses the deficiencies identified in the Order with regard to plaintiff's USERRA claims.     5

        B. Plaintiff's Proposed Amended Complaint addresses the deficiencies identified in the Order with regard to plaintiff's First Amendment and NYS Constitution claims.     6

    II.    THE ORDER DID NOT DISMISS PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM (clarification requested)     8

CONCLUSION ……………………………………………………………. 9

# TABLE OF AUTHORITIES

## Cases

*Kopchik v. Town of E. Fishkill*, 759 Fed. Appx. 31, 38, 2018 U.S. Dist. LEXIS 36443 (2nd Cir. 2018)..1, 5
*Loreley Fin. Jersey No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F. 3d 160, 189-91 (2d Cir. 2015)............ 1, 5

## Statutes

42 U.S.C. §1983.................................................................................................................................2, 4
USERRA, 38 U.S.C. §4311(a)..........................................................................................................2, 4
NYC Human Rights Law, N.Y.C. Admin. Code §8-107 et seq ....................................................... 2
NYS Constitution, Art. I Section 8 ................................................................................................... 2

## Rules

Local Civil Rule 6.3............................................................................................................................ 1

Rule 15(a), Fed. R. Civ. P.,.............................................................................................................. 1, 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ACHMAT AKKAD,

                           Plaintiff,

  -against-

THE CITY OF NEW YORK, and FORMER COMMISSIONER LOREE SUTTON, in her individual capacity,

                          Defendants.
------------------------------------------------------------------ X

Civ. 20 CV 4152 (AKH)(GWG)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 6.2**

**PRELIMINARY STATEMENT**

Pursuant to Local Civil Rule 6.3, plaintiff Achmat Akkad respectfully seeks reconsideration of the Court's Order dated October 19, 2020 (ECF 20) ("the Order") granting in part and denying in part defendants' motion to dismiss. The Order directed plaintiff to file an amended complaint "conforming to these rulings" but did not grant leave to file an amended complaint seeking to cure the deficiencies identified by the Order.

Second Circuit authority establishes that plaintiff should be afforded the opportunity to replead after, as here, a court grants a motion to dismiss, in whole or in part, to address deficiencies identified by the Court. *Kopchik v. Town of E. Fishkill*, 759 Fed. Appx. 31, 38, 2018 U.S. Dist. LEXIS 36443 (2nd Cir. 2018); *Loreley Fin. Jersey No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F. 3d 160, 189-91 (2d Cir. 2015).

Specifically, in accordance with Rule 15(a)(2), Fed. R. Civ. P., plaintiff seeks leave to file an amended complaint (proposed Amended Complaint is attached to this motion as Exhibit A), which addresses the pleading deficiencies identified in the Order with regard to plaintiff's claims

under USERRA, the First Amendment pursuant to 42 U.S.C. §1983, and the NYS Constitution, Art. I Section 8.   Plaintiff's Proposed Amended Complaint amplifies the connection between plaintiff's veteran status and his termination, and identifies specific items of speech connected with his termination.

Plaintiff also seeks clarification of the Order with regard to plaintiff's separate claim for discrimination on the basis disability under the NYC Human Rights Law, N.Y.C. Admin. Code §8-107 et seq.

## BRIEF SUMMARY OF FACTS

For a full statement of the facts, plaintiff respectfully refers the court to the Proposed Amended Complaint (Exhibit A).  Briefly: Achmat Akkad, who is Black and Muslim, is an Air Force veteran with a military service-connected mental health disability of PTSD.  Akkad is also a social activist, visible in his personal life on social media in support of Black Lives Matter and other social justice causes, often on controversial issues.

Akkad worked at the NYC Department of Veteran's Services (DVS), a NYC agency, from November 2015 until his unlawful termination in June 2017.  Defendant Lore Sutton was the former Commissioner of DVS.  Sutton was biased against veterans like Akkad with mental health issues. She wanted DVS to focus on and showcase "strong veterans," i.e., veterans without mental health disabilities, and did not want DVS to focus on those she called "broken veterans" – veterans with mental health disabilities.

Sutton wanted Akkad reprimanded because of the content of his personal social media posts. She described him as a "danger" and a potential "terrorist" because he was a veteran with PTSD and his Muslim faith.

Sutton specifically referred to Akkad's growing beard, a manifestation of his Muslim faith, stating: "He's growing his beard out," "we don't know what he's capable of," and he "looks like an ISIS member."

Defendants' opposition to Akkad's "provocative social media posts" persisted, even after Sutton was rebuffed from disciplining Akkad.  A few months before he was fired, Sutton's Deputy Commissioner, Jeff Roth, also expressed his opposition to Akkad's personal political views.  In that period, Akkad's personal social media posts addressed a range of controversial political and social justice topics, including Zionism, Palestinian rights, Middle East politics, Black Lives Matter, prison reform, white supremacy, immigration justice, Islamophobia, cultural appropriation, homophobia, and Puerto Rican rights. Roth focused in particular on Akkad's views on Zionism and Palestinian rights.

In the weeks immediately prior to his termination, DVS ostracized Akkad.  A previously friendly colleague lodged a baseless EEO complaint against Akkad.  DVS excluded Akkad from meetings he had previously participated in.  DVS prompted a baseless FBI investigation into Akkad, his family, and his friends.

Defendants fired Akkad, for no stated reason, right after he took a few days off to address his mental health concerns, which were aggravated by defendants' discriminatory and hostile treatment.  Sutton treated other DVS veteran employees with service-connected mental health disabilities with similar discriminatory bias.

DVS's bias against veterans with disabilities – "broken veterans" -- made Akkad a target.  DVS's bias against Akkad's personal political speech, as a Muslim veteran, made him a target.

As set forth in the Proposed Amended Complaint, these facts give rise to Akkad's well-pleaded claims of discrimination under the federal Uniformed Services Employment and

3

Reemployment Rights Act (USERRA), and the New York City Human Rights Law (NYCHRL), and his well-pleaded claim of retaliation for the exercise of his free speech rights under 42 U.S.C. §1983 and Art. I §8 of the New York State Constitution.

## PROCEEDINGS TO DATE

Plaintiff filed his Complaint on May 31, 2020 (ECF 1). Defendants moved to dismiss the Complaint on August 6, 2020, which plaintiff opposed. (ECF 11-12, 17-18).

By Order dated October 8, 2020 (ECF 19), the Court directed the parties to appear for a telephonic oral argument on January 29, 2021.

By Order dated October 19, 2020 (ECF 20), before holding any oral argument as provided for in the October 8, 2020 Order, the Court granted in part and denied in part defendants' motion to dismiss. Defendants' motion was denied as to timeliness, and as to plaintiff's discrimination claims. Defendants' motion was granted as to plaintiff's USERRA claims, because "there is nothing about his military service that is connected with his termination." Defendants' motion was granted as to plaintiff's free speech claims, because "there is no item of speech, expressed at any particular ti[m]e and place, that is connected with his termination." The Order directed plaintiff to "amend his complaint, conforming to these rulings, by November 13, 2020." The Order directed defendants to file their Answer by December 2, 2020, and scheduled an Initial Case Management Conference on December 10, 2020.

## ARGUMENT

### I.
### THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff asks for the opportunity to file an amended complaint addressing the deficiencies identified in the Order.

4

Second Circuit authority establishes that plaintiff should be afforded the opportunity to replead after, as here, a court grants a motion to dismiss, in whole or in part, to address deficiencies identified by the Court.  *Kopchik v. Town of E. Fishkill*, 759 Fed. Appx. 31, 38, 2018 U.S. Dist. LEXIS 36443 (2nd Cir. 2018); *Loreley Fin. Jersey No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F. 3d 160, 189-91 (2d Cir. 2015).  In *Kopchick*, the Second Circuit made plain that "there is no obligation on a plaintiff to expend time and resources to amend a complaint before knowing whether the court will find it insufficient, and if so in what ways."  The Second Circuit acknowledged the utility of amending a complaint after the court's ruling on a motion to dismiss: "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.  *Kopchik*, 759 Fed. Appx. at 38, citing *Loreley*, 797 F. 3d at 190.

*Kopchik* concluded that it was "inappropriate" for the district court "to deny a plaintiff the opportunity to replead after a defendant's motion to dismiss is granted, simply because plaintiff decided not to replead before learning whether the court would find the complaint insufficient." Id.

Like the plaintiff in *Kopchik*, Akkad did not replead in response to defendants' motion, instead asking the court for leave to file an amended pleading in the event the court granted defendants' motion in whole or in part. (Pltf. Mem. of Law, 9/18/202, ECF 17, at 27).

**A. Plaintiff's Proposed Amended Complaint addresses the deficiencies identified in the Order with regard to plaintiff's USERRA claim.**

In support of plaintiff's USERRA claims, the Proposed Amended Complaint adds substantial new allegations with regard to defendants' bias against Akkad, a veteran with PTSD, because he was a "broken" or "damaged" veteran, with "issues," as compared to the preferred,

5

"strong" veterans – those without mental health disabilities. (Proposed Amended Complaint at ¶¶ 43-49.)

In further support of plaintiff's USERRA claims, the Proposed Amended Complaint adds allegations linking defendants' bias against "broken" and "damaged veterans with "issues" (like plaintiff), to defendants' decision to terminate plaintiff, days after he informed his supervisor that he was experiencing "major issues… (physically and mentally)" and requested time off. (Proposed Amended Complaint at ¶¶ 126-149). Further linkage is established by defendants' treatment of other DVS employees who were veterans with mental health disabilities. (Proposed Amended Complaint at ¶¶164-169).

These amplified pleadings substantiate the connection of plaintiff's military service to defendants' decision to terminate plaintiff, in violation of USERRA, addressing the Order's concern that plaintiff's military service was not "connected with his termination."

**B. Plaintiff's Proposed Amended Complaint addresses the deficiencies identified in the Order with regard to plaintiff's First Amendment and NYS Constitution claims.**

In support of plaintiff's First Amendment claims under 42 U.S.C. §1983 (and his related claim under the New York State Constitution), the Proposed Amended Complaint includes substantial pleadings identifying specific items of speech expressed at particular times and places connected with his termination.

The Proposed Amended Complaint quotes from a selection of plaintiff's personal Twitter posts on current and controversial political issues in the three months before DVS fired him (¶¶119), and in the last weeks before DVS fired him (¶120). These are specific items of speech, expressed at particular times and in a particular place, known to defendants, and connected temporally and substantively to plaintiff's termination.

The Proposed Amended Complaint also alleges that after plaintiff expressed his views on 9/11 to a co-worker, defendants reported plaintiff to the FBI, leading to an investigation of plaintiff. The allegations were baseless, and nothing came of the FBI investigation, except that DVS fired plaintiff. (¶¶121-125). This is another specific item of speech, expressed at a particular time and place (September 2016), known to defendants, and connected temporally and substantively to plaintiff's termination by virtue of the FBI investigation that was ongoing at the time DVS fired plaintiff.

The Proposed Amended Complaint also alleges the antipathy of DVS's second in command, Jeffrey Roth, to plaintiff's political views in the last few months of plaintiff's employment at DVS.  These are further allegations of specific speech, expressed at a particular time and place (after February/March 2017), with a particular senior DVS executive, connected substantively and temporally to plaintiff's termination just few months later. (¶¶ 90-98).

In addition, the Proposed Amended Complaint alleges, in support of plaintiff's First Amendment claims:

- DVS's concerns about plaintiff's Black Lives Matter activism when plaintiff sought NYS DVS certification. (¶¶30-34).

- Sutton's opposition to plaintiff's personal political views, which were contrary to her own. (¶¶ 56-59).

- The awareness of key DVS staff, including Sutton, Deputy Commissioner Roth (DVS second in command), Parker, and Sutton's personal administrative assistant of plaintiff's personal political views. (¶¶60-62, 79).

- The August 3, 2016 Sutton Report, seeking to counsel plaintiff to restrict his personal "potentially provocative remarks on social media and blogs." (¶¶65-73).

- Sutton's subsequent direction to Parker to report Akkad to the NYPD for his political social media posts (¶79).

7

The Proposed Amended Complaint thus adds substantial new allegations in support of plaintiff's First Amendment claims. Responsive to the Order, it identifies specific items of speech connected with plaintiff's termination.

Pursuant to Rule 15(a), Fed. R. Civ. P., the court "should freely give leave [to amend] when justice requires."  Plaintiff's proposed amendments would not be futile, and accordingly, plaintiff respectfully seeks leave to file the Proposed Amended Complaint.

## II.

## THE ORDER DID NOT DIMISS PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM (clarification requested)

The Order rejected defendants' motion to dismiss with respect to plaintiff's discrimination claims, referring specifically to plaintiff's religious discrimination claim: ("Defendants' motion to dismiss … based on implausible allegations of discriminatory [sic] is denied. Plaintiff alleges that the reasons for his termination were his growing identification with his faith, Islam.  His allegations are plausible.") The Order is silent as to plaintiff's disability discrimination claim.

The Complaint (and the Proposed Amended Complaint) set forth substantial allegations that defendants' animus towards plaintiff, and defendants' decision to fire plaintiff, were based on his disability: their animus towards plaintiff as a veteran with PTSD, and towards other "damaged" or "broken" veterans. Indeed, defendants fired plaintiff just a few days after he let his supervisor know that he needed some time off to deal with "major issues … physical and mentally." (¶143)

Accordingly, plaintiff respectfully asks the Court to clarify that plaintiff's disability discrimination claim pursuant to the NYC Human Rights Law  is not dismissed, and will proceed to discovery.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court to reconsider the October 19, 2020 Order, grant plaintiff leave to file the Proposed Amended Complaint, and clarify that plaintiff's discrimination claims based disability is not dismissed and will proceed to discovery.

Dated:	New York, New York
	November 2, 2020

>	LAW OFFICES OF DEBORAH H. KARPATKIN
>	Attorney for Plaintiff Achmat Akkad
>	99 Park Avenue, Suite 2600
>	New York, NY 10016
>	(646) 865-9930
>	deborah.karpatkin@karpatkinlaw.com
>
>	By: *Deborah H. Karpatkin*
>	_____
>	Deborah H. Karpatkin