UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ACHMAT AKKAD,                                                :
                                      Plaintiff,             :    **ORDER DENYING**
                     v.                                      :    **MOTION FOR**
                                                             :    **RECONSIDERATION**
THE CITY OF NEW YORK, et al.,                                :
                                                             :    20 Civ. 4152 (AKH)
                                    Defendants.              :
                                                             :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Plaintiff Achmat Akkad ("Akkad") requests that I reconsider my October 19, 2020 ruling,

ECF 20, granting in part and denying in part Defendants' motion to dismiss.  Specifically, Akkad

requests that I reconsider my decision not to grant him leave to file an amended complaint.  *See* Mot.

Reconsid., ECF No. 22.  The parties also seek clarification as to whether I dismissed Akkad's

disability discrimination claim.  Plaintiff's motion for reconsideration is denied.

         On May 31, 2020, Akkad brought this lawsuit against Defendants City of New York and

Former Commissioner Loree Sutton for employment discrimination.  ECF No. 1.  Akkad alleged that

the Defendants treated him differently and ultimately fired him based on his mental health disability,

his religion, his status as a veteran, and his social media posts.  The complaint alleges military

service discrimination under the Uniformed Service Employment or Reemployment Rights Act

("USERRA"), disability and religious discrimination under the New York City Human Rights Law,

and free speech retaliation under the First Amendment and the New York State Constitution.

         On August 6, 2020, Defendants moved to dismiss the complaint for failure to state a claim.

ECF No. 11.  On October 19, 2020, I granted Defendants' motion as to Plaintiff's claims relating to

his military service and interference with First Amendment rights, stating that "[t]here is nothing

about his military service [and] no item of speech, expressed at any particular time and place,

1

that is connected with his termination."  I then denied Defendants' motion to dismiss on the

statute of limitations argument and denied the motion as to Akkad's religious discrimination

claims, ruling that the allegations supporting those claims were plausible and legally sufficient.  I

ordered Akkad to file an amended complaint "conforming to these rulings."

Plaintiff now seeks reconsideration of that part of my order dismissing his free speech and

military service claims without leave to amend.  Akkad argues that under Rule 15, Fed. R. Civ. P., I

should have granted him leave to file an amended complaint.

"[R]econsideration motions are 'a mechanism for extraordinary judicial relief invoked only if

the moving party demonstrates exceptional circumstances.'"  *Jericho Group, Ltd. v. Mid-Town Dev.*

*LP*, 816 F. App'x 559, 564 (2d Cir. 2020).  "Under Local Rule 6.3, which governs motions for

reconsideration, the moving party must demonstrate controlling law or factual matters put before

the court on the underlying motion that the movant believes the court overlooked and that might

reasonably be expected to alter the court's decision."  *Parrish v. Sollecito*, 253 F. Supp. 2d 713,

715 (S.D.N.Y. 2003); *see also Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995);

*Callender v. Forster & Garbus, LLP*, 15 Civ. 5813 (AKH), 2018 U.S. Dist. LEXIS 62403, at *2

(S.D.N.Y. Apr. 11, 2018) (To prevail on a motion for reconsideration the movant must demonstrate

"(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error or prevent manifest injustice.").

Rule 15, Fed. R. Civ. P. provides that the Court should freely give leave "when justice so

requires."  Whether to grant leave to file an amended complaint is within the Court's discretion.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is

within the discretion of the District Court"); *see also Perry v. Mary Ann Liebert, Inc. (MALI)*, 765 F.

App'x 470, 473 (2d Cir. 2019).  "Leave to amend, though liberally granted, may properly be denied

for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scot. Group*, 783 F.3d 383, 389 (2d Cir. 2015).  "Reviewing the denial of a motion to amend on futility grounds effectively requires us to determine whether the proposed amended complaint succeeds in stating a claim." *Waterford Twp. Police & Fire Retirement Sys. v. Regional Mgt. Corp.*, 723 F. App'x 20, 21 (2d Cir. 2018).

Plaintiff has not pointed to any controlling law or facts which would justify reconsideration. The caselaw cited by Plaintiff only supports the proposition that a Plaintiff should not be forced to amend their complaint before the Court decides a pending motion to dismiss.  *See Kopchik v. Town of E. Fishkill*, 759 Fed. Appx. 31, 38, 2018 U.S. Dist. LEXIS 36443 (2d Cir. 2018) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies"); *Loreley Fin. Jersey No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F. 3d 160, 189-91 (2d Cir. 2015).

I have reviewed Plaintiff's proposed amended complaint ("PAC") and find that amendment would be futile.  *See Ruotolo*, 514 F.3d at 191.  Plaintiffs' proposed changes do not provide any further support for the dismissed first amendment claims or claims of discrimination based on military service.  The PAC offers only conclusory allegations and provides no factual support for any connection between Plaintiff's military service, or his social media posts, and his termination.  Thus, the PAC does not contain sufficient factual allegations to support Plaintiff's first amendment or military service discrimination claims. *Waterford Twp. Police & Fire Retirement Sys.*, 723 F. App'x at 21.  Plaintiff's request for leave to file an amended complaint is denied.

As to the parties' request for clarification regarding Plaintiffs claim of disability discrimination, I hold that Plaintiff has plausibly alleged his claim of disability discrimination.  The Complaint sets forth allegations that Sutton did not want to hire "troubled" veterans, that the Department of Veteran's Services refused to recognize the time he needed to address his mental health issues as sick days, and that the Defendants made it difficult for Akkad to take days off or leave for medical appointments.  *See* Compl. ¶ 95, 67-73.  The complaint also alleges that Sutton stated that the "real reason she wanted to remove Akkad from DVS was because of this mental health disability."  *Id.* ¶ 58.  These statements, and the ongoing pushback that Akkad faced in attempting to manage his disability leading up to his termination create a plausible claim for disability discrimination.

In sum, Plaintiff's motion for reconsideration is denied.  Plaintiff shall file an amended complaint removing the dismissed claims by April 9, 2021.  Defendant shall answer by May 7, 2021.  Oral argument, scheduled for March 23, 2021, is hereby cancelled.  The parties shall attend an Initial Case Management Conference to be held on May 21, 2021, at 10:00 am.  The Clerk is instructed to terminate the open motion, ECF No. 22.

SO ORDERED.

Dated:          March 22, 2021              _____/s/ Alvin K. Hellerstein _____
               New York, New York              ALVIN K. HELLERSTEIN
                                               United States District Judge