UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ACHMAT AKKAD,

                                   Plaintiff,

        - against -

THE CITY OF NEW YORK, and FORMER
COMMISSIONER LOREE SUTTON, in her individual
capacity,

                                   Defendants.

**STIPULATION AND PROTECTIVE ORDER**

20 Civ. 4152 (AKH)(GWG)

------------------------------------------------------------------------ x

        **WHEREAS**, Plaintiff Achmat Akkad ("Akkad") and Defendants the City of New York ("City") and Loree Sutton ("Sutton") (collectively "Defendants") anticipate that certain documents and information will be exchanged during discovery in this action, which the parties deem to be confidential ("Confidential Materials"); and

        **WHEREAS**, Plaintiff and Defendants would object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

        **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

        1.    This Stipulation and Protective Order is made pursuant to, and intended to comply with Rules 5.2 and 26(c), Fed. R. Civ. P., and Rule 4 of Judge Hellerstein's Individual Rules, concerning Confidentiality Provisions.

        2.    As used herein, "Confidential Materials" shall mean:

(a) all financial information and documents pertaining to the Plaintiff, obtained from Plaintiff and Plaintiff's attorney.

1

(b) all documents provided to Plaintiff by Defendants in this action concerning current or former employees of the New York City Department of Veterans' Services ("DVS"), including documents that are contained in the personnel, medical, payroll, disciplinary, labor relations, recruitment, or Equal Employment Opportunity ("EEO") files of the DVS, and the information contained therein ("Confidential Agency Records"), except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (1) obtained by Plaintiff from sources other than Defendants, or Defendants' agents or representatives, or (2) are otherwise publicly available;

3. As used herein, "Highly Confidential Materials" shall mean all medical, mental health, psychological and related information and documents pertaining to the Plaintiff, obtained from Plaintiff and Plaintiff's attorney, and all medical, mental health, psychological and related information and documents pertaining to any third parties, except that such documents and information shall not be deemed "Highly Confidential Materials" to the extent, and only to the extent, that they are otherwise publicly available, or included in Confidential Agency Records.

4. A party receiving Confidential Materials or Highly Confidential Materials ("receiving party") and its/their attorneys shall not use such Materials for any purpose other than for as necessary for the preparation or presentation of its/their case in this action and/or any appeal thereof, as described and limited herein.

5. Neither the receiving party nor its/their attorneys shall disclose Confidential Materials or Highly Confidential Materials to any person except under the following conditions:

2

(a) Disclosure of Confidential or Highly Confidential Materials before trial may be made to the following individuals <u>without</u> the individuals signing a non-disclosure agreement:

   i.   counsel for the parties, including any paralegal, clerical employee, or other assistant employed by counsel for this matter;

   ii.  employees of the New York City Office of the Comptroller for the limited purposes of obtaining settlement authority and/or processing payment of any settlement of this case.

   iii. the General Counsel of the New York City Department of Veterans' Services, including any paralegal, clerical employee, or other assistant employed by the General Counsel for this matter;

   iv.  The Commissioner, Deputy Commissioners, and Assistant Commissioners of the New York City Department of Veterans' Services;

   v.   Plaintiff Achmat Akkad;

   vi.  Defendant Loree Sutton;

   vii. Any court, its clerks and support personnel, and court reporters or stenographers;

   viii. A court reporter or videographer engaged by the parties to transcribe and/or record depositions conducted in this matter;

(b) Disclosure of Confidential or Highly Confidential Materials before trial may be made to the following individuals, provided that those individuals first sign a non-disclosure agreement in the form attached hereto as Exhibit "A"

  i. Plaintiff's treating medical providers;

  ii. an expert who has been retained or specially employed by the receiving party in anticipation of litigation or preparation for this action, or to testify at a deposition or trial;

  iii. a non-party witness testifying at a deposition.

(c) Neither the receiving party nor its attorneys shall disclose before trial any records which have been designated Highly Confidential to:

  i. Plaintiff's employer, the New York City Department of Health and Mental Hygiene;

  ii. Any individual not specifically identified in section 5(a) or 5(b) herein.

(d) Before any disclosure is made in accordance with sub-paragraph 5(b), the receiving party shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential or Highly Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential or Highly Confidential Materials, except in testimony taken in this case. The signed consent shall be retained by the receiving party and a copy shall be furnished to the disclosing party's attorneys upon their request.

6. Deposition testimony concerning any Confidential or Highly Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential or Highly Confidential Materials within the meaning of this Stipulation and Protective Order.

7. If any paper which incorporates Confidential or Highly Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers, in accordance with Judge Hellerstein's Individual Rule 4, and Rule 5.2, Fed. R. Civ. P. Upon obtaining leave of the Court to file documents under seal, the Confidential or Highly Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

8. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents upon application to the Court, and/or consistent with Judge Hellerstein's Individual Rule 4, Fed. R. Civ. P. 5.2 and Rule 21 of the SDNY ECF Rules and Instructions.

9. Within thirty (30) days after the termination of this case, including any appeals, the Confidential and Highly Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom not constituting privileged material and/or attorney work product, shall be destroyed by the receiving party.

10. Nothing in this Stipulation and Protective Order shall be construed to limit the disclosing party's use of the Confidential or Highly Confidential Materials produced by the disclosing party in any manner.

11. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any Party from making applications to the Court for revision of the terms of this Stipulation. Prior to the initiation of any such application to the Court for any dispute arising under this Stipulation, the Parties shall first meet and confer in a good faith effort to resolve the dispute without Court intervention.

12. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:   New York, New York
         June 28, 2021

| | |
|---|---|
| LAW OFFICES OF<br>DEBORAH H. KARPATKIN<br>Attorney for Plaintiff<br>99 Park Avenue, PH/26th Floor<br>New York, New York 10016<br>Tel:  (646) 865-9930<br>deborah.karpatkin@karpatkinlaw.com | GEORGIA M. PESTANA<br>Acting Corporation Counsel<br>  of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-125<br>New York, New York 10007<br>Tel:  (212) 356-1105<br>jshaffer@law.nyc.gov |
| By: _/s/ Deborah H. Karpatkin_____<br>     Deborah H. Karpatkin | By: _/s/ J. Kevin Shaffer_____<br>     J. Kevin Shaffer<br>     Assistant Corporation Counsel |

**SO ORDERED:**

June 29, 2021                                          /s/ Alvin K. Hellerstein
_____                                   _____
     Date:                                              Alvin K. Hellerstein, U.S.D.J.

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read paragraphs one through three of the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2021 in the action entitled *Achmat Akkad v. The City of New York, and Former Commissioner Loree Sutton, in her individual capacity,* filed under docket number 20 Civ. 4152 (AKH)(GWG), or has been advised of its provisions or contents, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials or Highly Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential or Highly Confidential Materials except in testimony taken in this case. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation

Docket No. 20 Civ. 4152 (AKH)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACHMAT AKKAD,

                                          Plaintiff,

- against -

THE CITY OF NEW YORK, and FORMER COMMISSIONER LOREE SUTTON, in her individual capacity,

                                          Defendants.

**STIPULATION AND PROTECTIVE ORDER**

***GEORGIA M. PESTANA***
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, New York  10007*
*Of Counsel: J. Kevin Shaffer*
*Tel.: 212-356-1105*
*Matter No.:  2020-022044*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ………………………, 2021. . .*

*……………………………………………… Esq.*

*Attorney for…………  ………………………………*